**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**29SC FOUR POINTE LP,**

> **Plaintiff,**

> **v.**

> **MARINA LOCKHART,**

> **Defendant.**

**Civil Action 2:26-cv-244**
**Judge Algenon L. Marbley**
**Magistrate Judge S. Courter M. Shimeall**

## ORDER and REPORT AND RECOMMENDATION

On February 12, 2026, Plaintiff, 29SC Four Pointe LP, filed a Petition in Forcible Entry and Detainer against Defendant,[1] Marina Lockhart, in the Municipal Court of Franklin County, Ohio. *See 29SC Four Pointe LP v. Marina Lockhart*, Franklin County M.C. No. 2026 CVG 008109. The petition sought possession of the premises in question (3896 Summit Pointe, Apt 304, Columbus, Ohio 43230) due to Defendant's failure to pay rent in violation of the lease agreement. Defendant represents that she sought a continuance of the eviction hearing in municipal court, to try to obtain counsel, but was denied. She further alleges that she was blocked from applying for the City of Columbus's rent assistance program.

On February 27, 2026, Defendant, an Ohio resident proceeding without the assistance of counsel, filed a Notice of Removal in this Court. (ECF No. 1-1.) Defendant purportedly removed this case to federal court on the basis that she is being denied Due Process and other civil rights.

---

[1] Although the Notice of Removal references "Defendants" and includes another individual named Jessica R. Brown, only Defendant Lockhart signed the Notice of Removal and the eviction action being challenged only named Ms. Lockhart. Additionally, to the extent Ms. Lockhart is attempting to represent the interests of Ms. Brown, she cannot do so as she is proceeding *pro se* and is not a licensed attorney. As such, the Court will only address Ms. Lockhart as being a proper Defendant to this case.

She also filed a Motion for Leave to Proceed *in forma pauperis*.  (ECF No. 1.)  Upon review, the Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*.  All judicial officers who render services in this action shall do so as if the costs had been prepaid.  28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Defendant's Notice of Removal (ECF No. 1-1) under 28 U.S.C. § 1915(e)(2).  Having performed the initial screen, and for the reasons that follow, the undersigned **RECOMMENDS** that the Court **REMAND** this action to the Franklin County Municipal Court.

## I.     LEGAL STANDARD

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, was enacted to allow a person of limited financial means to have access to the courts.  *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  However, to prevent abuses of that leniency, the federal district courts must also review all *in forma pauperis* actions and dismiss any lawsuits or causes of action that the Court determines are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

Removal of actions from State court is governed by 28 U.S.C. § 1441, which provides in relevant part that: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Accordingly, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The defendant carries the burden of showing that removal is proper and that the federal court has original jurisdiction to hear

the case. *See Vill. of Oakwood v. State Bank and Tr. Co.*, 539 F.3d 373, 377 (6th Cir. 2008) (citations omitted). The defendant meets their burden by demonstrating "either that the requirements for diversity jurisdiction were met or that the case arose under federal law." *Weir v. Wasserman*, No. 25-3208, 2025 WL 3688824, at *2 (6th Cir. Dec. 19, 2025) (citing *Caterpillar Inc.*, 482 U.S. at 392). The removal statute is to be strictly construed and where jurisdiction is in doubt, the matter should be remanded to the state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

Finally, "federal courts have an ongoing 'duty to consider their subject matter jurisdiction . . . and may raise the issue *sua sponte.*'" *Howard v. Good Samaritan Hosp.*, No. 1:21-CV-160, 2022 WL 92462, at *2 (S.D. Ohio Jan. 10, 2022) (quoting *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted)). Thus, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Id.* (citing Fed. R. Civ. P. 12(h)(3)).

## II.     ANALYSIS

Here, this Court lacks subject-matter jurisdiction, which means was therefore improper.

First, Defendant has not identified any claims arising under federal laws or the United States Constitution to establish subject-matter jurisdiction under 28 U.S.C. § 1331, nor is it otherwise apparent from the face of the Complaint that this lawsuit arises under federal law. *See Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020) ("Whether a cause of action arises under federal law must be apparent from the face of the 'well-pleaded complaint.'"). Instead, the claim against Defendant for eviction arises solely under Ohio Revised Code Chapter 1923, which is state law.

3

Moreover, although Defendant briefly references Due Process and other "civil rights" in her Notice of Removal, the assertion of defenses or counterclaims involving federal law does not create a basis for jurisdiction. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002) (holding that "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction").

Likewise, Defendant cannot rely on diversity of citizenship pursuant to 28 U.S.C. § 1332 to establish this Court's subject-matter jurisdiction. Defendant neither alleges that the parties are citizens of different states nor alleges the citizenship of the parties at all. Nor does Defendant allege that the amount in controversy exceeds $75,000. Defendant therefore has not plausibly alleged that § 1332's diversity of citizenship or amount in controversy requirements are satisfied.

Finally, to the extent Defendant is trying to challenge the state court decisions in this case, such a request would be barred by the *Rooker-Feldman* Doctrine. *See Rooker v. Fidelity Tr. Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009).

### III.   CONCLUSION

Accordingly, the Undersigned finds that this Court lacks subject-matter jurisdiction over this action. It therefore is **RECOMMENDED** that the Court **REMAND** this action to the Franklin County Municipal Court. It is further **RECOMMENDED** that Defendant's Motion for Permanent Injunction (ECF No. 4) be **DENIED AS MOOT**.

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ S. Courter M. Shimeall
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

5