IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| 29SC FOUR POINTE LP, | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:26-cv-244** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **MARINA LOCKHART,** *et al.*, | : | **Magistrate Judge Shimeall** |
| | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter comes before this Court on Defendant Marina Lockhart's Motion for Injunction (ECF No. 4), Lockhart's Objections (ECF No. 7) to the Magistrate Judge's Report and Recommendation (ECF No. 6), and Lockhart's Motions for Preliminary Injunction. (ECF Nos. 8, 9). In the Report and Recommendation ("R&R"), the Magistrate Judge recommended that this Court dismiss Lockhart's Complaint (ECF No. 5), remand this action to the Franklin County Municipal Court, and deny Lockhart's Motion for Preliminary Injunction. (ECF No. 6). For the reasons that follow, this Court **ADOPTS** the Magistrate Judge's R&R (ECF No. 6) and **OVERRULES** Lockhart's Objections (ECF No. 7). Lockhart's Complaint (ECF No. 5) is **DISMISSED**. Further, Lockhart's Motions for Preliminary Injunction (ECF Nos. 8, 9) are hereby **DENIED as MOOT**. This action is **REMANDED** to the Franklin County Municipal Court.

## I.    BACKGROUND

On February 12, 2026, Plaintiff, 29SC Four Pointe LP, filed a Petition in Forcible Entry and Detainer against Defendant, Marina Lockhart, in the Municipal Court of Franklin County, Ohio. *See 29SC Four Pointe LP v. Marina Lockhart, Franklin County M.C.* No. 2026 CVG 008109. The petition sought to evict Lockhart from her residence at 3896 Summit Pointe, Apt 304,

1

Columbus, Ohio 43230 due to her alleged failure to pay rent in violation of the lease agreement. (ECF No. 5 at 1–2). Lockhart represents that she sought a continuance of the eviction hearing in municipal court, to try to obtain counsel, but was denied. (ECF No. 1 at 4). She further alleges that she was blocked from applying for the City of Columbus's rent assistance program. (*Id.*). Subsequently on February 27, 2026, Lockhart filed a Notice of Removal in this Court on the basis that she is being denied Due Process and other civil rights. (ECF No. 1-1).

The Magistrate Judge issued a Report and Recommendation on April 24, 2024, and recommended that this Court dismiss Lockhart's Complaint, remand this action to the Franklin County Municipal Court, and deny Lockhart's Motion for Preliminary Injunction. (ECF No. 6). The Magistrate Judge opined that this Court lacked subject matter jurisdiction and additionally that Lockhart's request that this Court intervene in the state court action is barred by the *Rooker-Feldman* doctrine. (*Id.* at 3–4). On May 8, 2026, Lockhart timely filed objections to the R&R. (ECF No. 7). These matters are now ripe for this Court's review.

## II.    STANDARD OF REVIEW

When reviewing a party's objections to a Report and Recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In so doing, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id.*

When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss" their complaint or any portion of it that: "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While detailed factual allegations are not necessary at the pleading stage,

mere "labels and conclusions" are insufficient to state a proper claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). *Pro se* complaints are to be construed liberally, but "basic pleading essentials" still are required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Thus, to survive screening, a complaint must contain sufficient facts which, if accepted as true, would plausibly state a claim upon which relief may be granted.

### III.    LAW AND ANALYSIS

In her Objection, Lockhart merely contends that the Magistrate Judge erred by "not apprending from the Franklin County Municipal Court docket that the Defendant Marina Lockhart's Due Process rights have been violated by the Plaintiff 29SC Four Point LP pursuing eviction." (ECF No. 7 at 1). Given Lockhart failed to make any substantive argument as to the Magistrate Judge's R&R, this Court construes the Objection as a general objection, which is not sufficient to appeal the Order. *Reitz v. McKay*, 2014 WL 6770139, at *1 (S.D. Ohio Dec. 1, 2014) (citing *Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 508–09 (6th Cir.1991) ("Plaintiff's 'objection' cannot be construed as anything other than a general objection, which does not suffice to preserve issues for appeal.").

### IV.    CONCLUSION

For the reasons set forth above, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 6) and **OVERRULES** Lockhart's Objections (ECF No. 7). Lockhart's Complaint (ECF No. 6) is **DISMISSED**. Further, Lockhart's Motions for Preliminary Injunction (ECF Nos. 8, 9) are hereby **DENIED as MOOT**. This action is **REMANDED** to the Franklin County Municipal Court.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**DATED:  May 27, 2026**                         **UNITED STATES DISTRICT JUDGE**

3